IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| INTERNATIONAL MANAGEMENT SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 07-831<br>Judge M. Sweeney |

UNOPPOSED MOTION OF AEGIS, MISSION ESSENTIAL PERSONNEL LLC TO INTERVENE

Aegis, Mission Essential Personnel ("Aegis"), by counsel, respectfully seeks to intervene as a matter of right in the above-captioned case pursuant to the Rules of the United States Court of Federal Claims ("RCFC") 24(a)(2) and Appendix C, ¶ 12. Both the United States and the plaintiff, International Management Services, Inc. ("IMS") have stated they have no objection to the intervention of Aegis in this case.

Aegis is the awardee under Solicitation No. W911W4-05-R-0006 (the "Solicitation"). IMS has challenged the Government's issuance of the Solicitation as a small business set-aside to Aegis and the Government's alleged failure to consider Aegis' eligibility to receive a small business set-aside under the Solicitation. As such, Aegis has a direct and significant interest in the outcome of this litigation. Moreover, because Aegis' interest may not be adequately represented by the existing parties, the disposition of this action may as a practical matter impair or impede its ability to protect that interest. Finally Intervention by Aegis will

not unduly delay or prejudice the adjudication of the rights of the original parties to this litigation.

Respectfully submitted,

s/Laurel A. Hockey

Laurel Hockey
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Attorney of Record Aegis, Mission Essential Personnel LLC

Of Counsel:

John O'Brien
David S. Cohen
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Dated: November 30, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| INTERNATIONAL MANAGEMENT SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 07-831<br>Judge M. Sweeney |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
AEGIS, MISSION ESSENTIAL PERSONNEL LLC UNOPPOSED MOTION TO INTERVENE

Aegis, Mission Essential Personnel LLC ("Aegis") submits this Memorandum of Points and Authorities in support of its Motion to Intervene. As will be demonstrated below, Aegis' direct and significant interest in the procurement at issue, which is inadequately represented by the existing parties, entitles Aegis to intervene as of right in this action. Furthermore, Aegis's intervention in the litigation will not unduly delay or prejudice the adjudication of the rights of the original parties.

FACTS

The Army issued Solicitation W911W4-05-R-0006 on June 30, 2006 and set aside the acquisition for small businesses. Aegis submitted a proposal under Solicitation W911W4-05-R-0006 on August 14, 2006. Aegis received an award under the Solicitation on or about September 21, 2007. IMS now challenges that award in the current bid protest on grounds

that it was inappropriately issued as a small business set-aside and that Aegis is not a small business eligible to receive that award.

## ARGUMENT

### A. Aegis Is Entitled To Intervene As Of Right Because Its Interest In The Litigation Is Not Adequately Represented By Existing Parties

Court of Federal Claims Rule 24 authorizes intervention of right where the applicant has an interest relating to the subject of the action and is so situated that disposition of the action may impair or impede its ability to protect that interest. RCFC 24(a). Such intervention is mandated where an applicant's interests are not adequately represented by existing parties to the litigation. The applicant for intervention as of right has the minimal burden of demonstrating that representation of its interests by existing parties is inadequate. See e.g., United States Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978), quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). In the federal courts, standards for intervention are applied liberally in favor of permitting intervention as of right. See Nuesse v. Camp, 385 F.2d 694 (D.C. Cir. 1967) (applying corresponding Fed.R.Civ.P. 24).[1]

This Court, in a recent decision, reiterated the law with regard to intervening in bid protest cases and stated "[t]he United States Court of Appeals for the Federal Circuit has held that 'the requirements for intervention are to be construed in favor of intervention.'" Comprehensive Health Services, Inc. v. United States, 70 Fed. Cl. 700, 718 (Fed. Cl. May 31, 2006) (2006 WL 1495000) citing Am. Mar. Transp., Inc. v. United States, 870 F.2d 1559,

[1] Fed.R.Civ.P 24 is very similar to RCFC 24.

1561 (Fed.Cir.1989) (citing Westlands Water Dist. v. United States, 700 F.2d 561, 563 (9th Cir.1983)).

Rule 24(a) of the United States Court of Federal Claims, provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an ***interest relating to the property or transaction which is the subject of the action*** and the applicant is so situated that the ***disposition of the action may*** as a practical matter ***impair or impede the applicant's ability to protect that interest***, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a) (emphasis added). Clearly, Aegis, the awardee under the Solicitation has a direct and significant economic interest in the procurement being contested in this litigation.

It is well established that an applicant for intervention may show inadequate representation by the Government even though the Government and the proposed intervenor initially seek the same outcome in the litigation. When the party that would be expected to represent the intervenor's interests is a government body or officer, there is no presumption that this representation will be adequate, unless the body or officer is charged by law with representing the interests of the intervenor. Natural Resources Defense Council v. E.P.A., 99 F.R.D. 607, 610 n. 5 (D.D.C. 1983); see also Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986).

Because the Government is not legally required to defend the award to Aegis or to defend the eligibility of Aegis to receive this small business award, it is possible that the Government and Aegis may not consistently share similar goals or strategies concerning the defense of the award to Aegis. If Aegis is denied the opportunity to intervene, its interest may not be adequately represented before this Court.

Finally, Aegis' Motion to Intervene has been timely made and its participation will not hinder the speedy resolution of this matter. Aegis can comply with any schedule established by the Court without any delay being required. Accordingly, Aegis should be granted leave to intervene permissively in this action.

## CONCLUSION

For the foregoing reasons, Aegis' Motion to Intervene in this action should be granted.

Respectfully submitted,

s/Laurel A. Hockey

Laurel A. Hockey
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Attorney of Record for Aegis, Mission Essential Personnel LLC

Of Counsel:

John O'Brien
David S. Cohen
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Dated: November 30, 2007

| | |
|---|---|
| INTERNATIONAL MANAGEMENT SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br>OF AMERICA,<br><br>Defendant. | Civil Action No.<br>Judge Sweeney |

ORDER

THIS MATTER having come before this Court on Aegis, Mission Essential Personnel LLC's Motion to Intervene pursuant to Rule 24 of the Rules of the U.S. Court of Federal Claims. This Court having considered the Motion, the Memorandum of Points and Authorities in support thereof, and the entire record herein, and it appearing that the motion should be granted, it is hereby

ORDERED, that the Motion to Intervene by Aegis be, and hereby is, GRANTED.

ENTERED this _____ day of __________________, 2007

_______________________________
Judge Sweeney

Notice of Filing

I hereby certify that on November 30, 2007, a copy of the foregoing UNOPPOSED MOTION OF AEGIS, MISSION ESSENTIAL PERSONNEL LLC TO INTERVENE, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AEGIS, MISSION ESSENTIAL PERSONNEL LLC MOTION TO INTERVENE, AND PROPOSED ORDER were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Laurel A. Hockey