**UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| INTERNATIONAL MANAGEMENT SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant,<br>and<br><br>AEGIS, MISSION ESSENTIAL PERSONNEL, LLC,<br><br>Defendant-Intervenor. | No. 07-831 C<br><br>Judge Margaret M. Sweeney |

INTERVENOR AEGIS, MISSION ESSENTIAL PERSONNEL, LLC'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF STANDING AND NON-JUSTICIABILITY

Laurel Hockey
COHEN MOHR LLP
1055 Thomas Jefferson St., N.W., Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147
Attorney of Record for Aegis, Mission Essential Personnel, LLC

Of Counsel:
John O'Brien
COHEN MOHR LLP
1055 Thomas Jefferson St., N.W., Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550

Dated: December 12, 2007

## TABLE OF CONTENTS

**PAGE**


ADDITIONAL STATEMENT OF THE ISSUES .......... 2

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 5

I. THE GOVERNMENT RAISES COGENT REASONS FOR DISMISSAL OF IMS'S COMPLAINT .......... 5

A. IMS Is Not An Interested Party and Lacks Standing To Challenge the Award to Aegis .......... 5

B. IMS Lacks Standing to Challenge SBA's Size Determination Regarding Aegis .......... 6

C. IMS's Allegation That Aegis Is Other Than Small Is Non-Justiciable .......... 7

D. By Self-Certifying And Participating Under The Solicitation As A Small Business, IMS Cannot Now Complain That The Procurement Was Not Properly Classified As A Small Business Set-Aside .......... 7

II. THE COMPLAINT SHOULD BE DISMISSED AS DEFECTIVE .......... 11

A. IMS Asserts Legal Challenges And Facts That Are Inconsistent With Its Requested Relief .......... 11

B. IMS's Request For Relief Is Merely An Attempt To Circumvent The Issue of Standing .......... 14

C. The Court Should Dismiss IMS's Complaint Because The Court Has No Authority To Make The Requisite Findings Required To Award The Requested Relief .......... 16

CONCLUSION .......... 18

# TABLE OF AUTHORITIES

**PAGE**

## CASES

ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392 (Fed. Cl. 2003).................... 8

Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365
(Fed. Cir. 1999)........................................................................................ 5

Associated General Contractors v. California State Council of Carpenters, 459
U.S. 519 (1983)........................................................................................ 12

Bell Atlantic Co. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 167 L. Ed.2d 929
(2007)...................................................................................................... 15

Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308
(Fed. Cir. 2007)................................................................................ 8, 9, 10, 11

Brunetti v. Rubin, 999 F.Supp. 1408 (D. Col. 1998)........................................................ 11

Chapman Law Firm v. United States, 63 Fed. Cl. 25 (2004) .......................................... 7

Client Network Services, Inc. v. United States., 64 Fed. Cl. 784
(Fed. Cl., 2005)........................................................................................ 15

Consolidated Eng'g Servs., Inc. v. United States, 64 Fed. Cl. 617
(Fed. Cl. 2005)........................................................................................ 8

Gant v. United States, 417 F.3d 1328 (Fed. Cir. 2005) .................................................. 16

Size Appeal of Global McKissack Partners, LLC, SBA No. SIZ-4807 (2006)................. 4

Impresa Construzioni Geo. Domenico Garufi v. United States, 238 F.3d
1324 (Fed. Cir. 2001)................................................................................. 6

Size Appeals of IQ Solutions, Inc. and SAMHSA, SBA No. SIZ-4711 (2005)................ 4

Logicon, Inc. v. United States, 22 Cl.Ct. 776 (1991) ...................................................... 8

McKing Consulting Corporation v. United States, 78 Fed. Cl. 715
(Fed. Cl. 2007)........................................................................................ 13

Myers Investigative and Security Services, Inc. v. United States, 275 F.3d
1366 (Fed. Cir. 2002)............................................................................. 5, 6

**PAGE**

**CASES**

North Carolina Division of Services for the Blind v. United States,
53 Fed. Cl. 147 (Fed. Cl. 2002) .......... 8, 9

Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986).......... 15

Pardee Constr. Co., B-256414, 94-1 CPD ¶ 372 (June 13, 1994) .......... 8

Perez v. United States, 156 F.3d 1366 (Fed. Cir. 1998) .......... 11

Pride International, LLC v. United States, 64 Fed. Cl. 754 (2005) .......... 4

Southfork Systems v. United States, 141 F.3d 1124 (Fed. Cir.1998).......... 15

Stellacom, Inc. v. United States, 24 Cl.Ct. 213 (1991).......... 17

Size Appeal of Thomas Computer Solutions, LLC D/B/A TCS Translations, SBA Size No. 4841 (2007). .......... 3

Trauma Service Group v. United States, 104 F.3d 1321
(Fed. Cir. 1997).......... 11

**STATUTES AND REGULATIONS**

13 C.F.R. § 121.1001(a)(1)(iv) .......... 4

13 C.F.R. § 121.1004(e).......... 14

13 C.F.R. § 121.1101(a).......... 4, 5, 10, 18

28 U.S.C. § 1491(b)(3) .......... 8, 11

48 C.F.R. ¶ 19.502-2(b) .......... 13

15 U.S.C. § 637(b)(1988) .......... 17

**UNITED STATES COURT OF FEDERAL CLAIMS**

**Bid Protest**

| | | |
|---|---|---|
| INTERNATIONAL MANAGEMENT SERVICES, INC. | ) | |
| Plaintiff, | ) | No. 07-831 C |
| v. | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES | ) | |
| Defendant, | ) | |
| and | ) | |
| AEGIS, MISSION ESSENTIAL PERSONNEL, LLC, | ) | |
| Defendant-Intervenor. | ) | |

INTERVENOR AEGIS, MISSION ESSENTIAL PERSONNEL, LLC'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF STANDING AND NON-JUSTICIABILITY

Intervenor Aegis, Mission Essential Personnel, LLC ("Aegis"), pursuant to the Court's Order dated December 3, 2007, hereby submits its response to Defendant's Motion to Dismiss the complaint of plaintiff International Management Services, Inc. ("IMS") for lack of standing and non-justiciability (the "Motion to Dismiss").[1] Aegis concurs with the position asserted by the Government in its Motion to Dismiss that well articulates four cogent reasons why this Court should dismiss IMS's bid protest claims, including that IMS, an other than small business, is not an interested party and lacks standing both to challenge the small business award to Aegis and the Small Business Administration's ("SBA's) size determination finding Aegis to be a small

[1] Aegis' response will be referred to herein as (the "Response").

business; that IMS's allegation that Aegis is other than small is not justiciable; and that by submitting a bid as a small business for this procurement and filing its complaint challenging the Solicitation post-award, IMS has waived its right to challenge the small business set-aside.

In addition to the reasons articulated by the Government, IMS's complaint should be dismissed because the complaint fails to state a factual or legal basis in support of the relief sought. Specifically, IMS challenges the award by the U.S. Army Intelligence and Security Command (the "Agency") to Aegis on the grounds that Aegis is allegedly not a small business, but then asks the Court to direct the Agency to reissue Solicitation No. W911W4-05-R-0006 (the "Solicitation"), on a full and open basis, without ever alleging that the Agency violated any law or regulation in issuing the Solicitation.

Further, IMS's complaint should be dismissed because IMS has asked the Court to grant relief, which is predicated upon finding both Aegis and Torres Advanced Enterprise Solutions, LLC ("Torres"), the remaining bidder in the competitive range, to be other than small businesses. The SBA has not found either Aegis or Torres to be other than small. In fact, the SBA has found Aegis to be a small business for this procurement. Therefore, IMS would have the Court itself make the requisite size determination for Aegis and Torres, even though only SBA possesses authority to make such determinations. Accordingly, the Court is without jurisdiction to grant the relief sought by IMS.

ADDITIONAL STATEMENT OF THE ISSUES[2]

4. Whether IMS's complaint should be dismissed for failure to state a claim upon which relief can be granted where the complaint seeks relief that is not logically related to the factual and legal allegations asserted in the complaint.

---

[2] Statement of the Issues, ¶¶ 1- 3 are set forth on page 2 of Defendant's Motion to Dismiss.

5. Whether the Court should dismiss IMS's complaint because the relief sought is dependent upon the Court issuing two size determinations that the Court lacks authority to make.

## STATEMENT OF FACTS[3]

On June 30, 2006, the Agency issued the Solicitation as a 100% small business set-aside under North American Industry Classification System ("NAICS") code 54190,[4] with a size standard of $6.5 million. Compl. ¶¶ 5, 6. Offerors were required to self-certify as small under the size standard. See 13 C.F.R. § 121.405(a).

Following the submission of offers, the Agency included IMS, Aegis, Torres Advanced Enterprise Solutions, LLC ("Torres"), and Thomas Computer Solutions, LLC ("TCS") in the competitive range. Compl. ¶ 11.

On or about December 15, 2006, the Agency made award to TCS. Compl. ¶ 12. On January 8, 2007, the SBA determined that TCS, despite its self-certification as a small business, was other than small. Compl. ¶ 14. The SBA's decision relied on the fact that TCS's average annual receipts exceeded $6.5 million.[5] Id.

On January 31, 2007, the Agency rescinded the award to TCS and made award to IMS. Compl. ¶ 15. But, on March 2, 2007, the SBA determined that IMS, despite its self-certification

---

[3] Intervenor agrees with the Agency's Statement of Facts, but in order for the Court to properly review the additional issues raised herein, we restate some facts for context and supplement the Agency's Statement with additional facts from the complaint.

[4] The correct NAICS code is 541930.

[5] TCS appealed that decision to the Small Business Administration's Office of Hearings and Appeals ("OHA") and OHA affirmed the SBA's decision. See Size Appeal of Thomas Computer Solutions, LLC D/B/A TCS Translations, SBA Size No. 4841 (2007).

that it was a small business, was other than small. Compl. ¶ 19. IMS did not appeal SBA's size determination decision to OHA.

On or about September 21, 2007, the Agency awarded a contract to Aegis. Compl. ¶ 23. IMS filed a size protest against Aegis on September 27, 2007. Compl. ¶ 25. SBA dismissed that size protest on October 26, 2007, because IMS lacked standing to bring its size protest since SBA had earlier deemed IMS to be an other than small business on March 2, 2007. Compl. ¶ 19 and ¶ 29. Under SBA's regulations, a protester lacks standing to bring a size protest in a small business set-aside where the protester has been deemed to be an other than small business. <u>See</u> 13 C.F.R. § 121.1001(a)(1)(iv). <u>See</u> <u>also</u>, <u>Pride International, LLC v. United States</u>, 64 Fed. Cl. 754 (2005); <u>Size Appeal of Global McKissack Partners, LLC</u>, SBA No. SIZ-4807 (2006). IMS never appealed SBA's March 2, 2007 decision to OHA as permitted by 13 C.F.R. § 121.1101(a) ("Appeals from formal size determinations may be made to OHA.").

Another bidder in the competitive range, Torres, also submitted a size protest against Aegis. Compl. ¶ 28. SBA considered that size protest and issued a size determination on November 2, 2007. In its November 2, 2007 decision, SBA found Aegis to be a small business. Compl. ¶ 30.

In the same protest that IMS filed against Aegis, IMS protested the size of Torres. Compl. ¶ 25. The SBA did not issue a size determination regarding Torres. Compl. ¶ 29. Since Aegis, not Torres, was the awardee, the protest to Torres was premature. <u>See</u> <u>Size Appeals of IQ Solutions, Inc. and SAMHSA</u>, SBA No. SIZ-4711 (2005) (A size protest against a firm which did not receive an award is not a protest related to a particular procurement, and must be dismissed).

ARGUMENT

III. THE GOVERNMENT RAISES COGENT REASONS FOR DISMISSAL OF IMS'S COMPLAINT

In its Motion to Dismiss, the Government identifies several fatal defects in IMS's complaint, any of which alone is grounds for dismissal by the Court. In this Response, Aegis elaborates on several of the key points raised by the Government (Section I), in addition to raising several others (Section II). All support the same conclusion – IMS's complaint should be dismissed in its entirety.

A. IMS Is Not An Interested Party and Lacks Standing To Challenge the Award to Aegis

In Counts I, II, and III, IMS challenges the award to Aegis. Compl. ¶¶ 32 to 37. As the Government duly notes, however, IMS lacks standing to bring any of its challenges against the award to Aegis because IMS is not eligible for the contract award. Myers Investigative and Security Services, Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999).

This competition was reserved exclusively for small businesses. Compl. ¶ 6. SBA determined IMS to be an other than small business on March 2, 2007, and subsequently the Agency eliminated IMS from this competition. Compl. ¶¶ 19, 21. IMS never appealed SBA's decision to OHA, and therefore, IMS can not challenge SBA's finding. See 13 C.F.R. § 121.1101(a) ("The OHA appeal is an administrative remedy that must be exhausted before judicial review of a formal size determination may be sought in a court."). As such, even if IMS were to prevail on the merits of its suit, IMS cannot receive the award. Indeed, Torres would be the next eligible bidder. Compl. ¶ 11.

IMS has the burden of establishing standing since IMS is the party invoking federal jurisdiction. Myers Investigative and Security Services, Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002). IMS's standing to bring this bid protest (or lack of standing as is the case here), however is not addressed by IMS in its complaint or its Memorandum of Points and Authorities in support of Plaintiff's Motion for Preliminary and Permanent Injunction ("IMS Memorandum"). While IMS addresses the Court's jurisdiction and standard of review, no where does it address standing, another fundamental prerequisite to any lawsuit. Compl. ¶ 3; IMS Memorandum at 10. Since IMS has not demonstrated that it has standing to bring its legal challenges against the Agency's award decision, and cannot do so for the reasons discussed above, the Court should dismiss IMS's complaint outright.

B. IMS Lacks Standing to Challenge SBA's Size Determination Regarding Aegis

That IMS is ineligible, as an other than small business, for a contract award under the Solicitation also forms a valid basis for the Government's Motion to Dismiss Count II of IMS's complaint. In Count II, IMS challenges SBA's size determination regarding Aegis on grounds that SBA failed to consider the ostensible subcontractor rule that IMS raised in its size protest.[6] Compl. ¶¶ 34, 35. To prove any such allegation, IMS must show that IMS was prejudiced by the SBA's alleged failure. Impresa Construzioni Geo. Domenico Garufi v. United States, 238 F.3d 1324, 1333 (Fed. Cir. 2001). IMS cannot sustain this burden. Here, IMS cannot demonstrate prejudice as a result of the SBA's action because even if Aegis had been deemed to be an other than small business, IMS would not have been in line for an award because SBA found that IMS itself is a large business. Accordingly, for the same reason that IMS lacks standing to bring its

[6] IMS asserts that SBA was on notice of and should have considered whether Aegis was affiliated with SAIC under the ostensible subcontractor rule. Compl. ¶ 35. However, IMS cites no law to support an argument that any issues raised in a dismissed size protest must be pursued by SBA.

claims against the Agency, IMS cannot prove that it was prejudiced by SBA's decision finding Aegis to be a small business.

C. IMS's Allegation That Aegis Is Other Than Small Is Non-Justiciable

IMS asserts that Aegis is ostensibly related to its subcontractor and therefore is an other than small business ineligible for contract award. Compl. ¶ 37. IMS's ultimate objective is presumably to receive the award itself. But, as the Government establishes in its Motion to Dismiss, even if the Court were to agree with IMS and direct the Agency to cancel the award to Aegis, IMS cannot legally achieve its objective. See Motion to Dismiss at 8 – 15 addressing the Chapman Law Firm v. United States, 63 Fed. Cl. 25 (2004) line of cases. The SBA has already reached a decision finding Aegis to be a small business for this procurement. Compl. ¶ 30. In receipt of SBA's decision, the Agency has acted on it by making award to Aegis. Compl. ¶ 23. No statute or regulation mandates the pulling of that award even if SBA were later to find Aegis to be other than small. Thus, even if the Court and the parties were forced to proceed to the merits of this case, the Agency is not required to pull its award to Aegis, thereby making any potential decision in IMS's favor without effect.

D. By Self-Certifying And Participating Under The Solicitation As A Small Business, IMS Cannot Now Complain That The Procurement Was Not Properly Classified As A Small Business Set-Aside

As a final basis for dismissal, the Government focuses on IMS's request for relief asking the Court to direct the Agency to cancel and resolit its Solicitation. As the Government correctly asserts, IMS has waived its right to ask for such relief given the fact that (1) IMS submitted a bid and participated in this procurement without complaint and (2) IMS failed to bring its challenge in a timely fashion.

As the Government demonstrates, the Court's jurisdictional authority does not address the time within which a bid protest must be filed. However, the Court of Appeals for the Federal Circuit has done so. The Federal Circuit recently held in Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308, 1313 (Fed. Cir. 2007), that "a party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims."[7] See also, Blue & Gold Fleet, L.P. v. United States, supra, 492 F.3d at 1315 (Fed. Cir. 2007). The Federal Circuit held that permitting the plaintiff to wait until after contract award to raise a defect in the solicitation undermines one of the fundamental tenets of 28 U.S.C. § 1491(b)(3), which provides that "the courts shall give due regard to the interests of national defense and national security and the need for expeditious resolution of the action."[8] Id. at 1313.

Significantly, in Blue & Gold Fleet, L.P. v. United States, supra at 1314, the Federal Circuit cites to the Court of Federal Claims' decision in North Carolina Division of Services for

---

[7] In Blue & Gold Fleet, L.P. v. United States, supra, the Court was asked to consider whether the Agency erred in not applying the wages and benefits provisions of the Service Contract Act ("SCA") to proposals. The Court of Federal Claims found, and the Federal Circuit agreed, that the solicitation clearly contained no requirement that the bidders consider the SCA, and therefore, plaintiff knew about the Agency's intentions not to apply the SCA from the solicitation itself. Yet, the plaintiff waited until after award to challenge the solicitation.

[8] In reaching its conclusion in Blue & Gold Fleet, L.P. v. United States, supra, at 1314, that plaintiff had waived its right to protest the solicitation by not bringing it pre-award, the Federal Circuit recognized the well-established rule of the Government Accountability Office ("GAO") that protests based upon alleged improprieties in a solicitation which are apparent prior to the time set for receipt of proposals should be filed prior to that date. See ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392 (Fed. Cl. 2003); Logicon, Inc. v. United States, 22 Cl.Ct. 776, 789 (1991) (favoring the timeliness regulations of GAO for bid protests).

Although the Court of Federal Claims has recognized that GAO timeliness rules are not binding on the Court, the Court has found that the GAO timeliness rule is to be applied in "appropriate circumstances". North Carolina Division of Services for the Blind v. United States, 53 Fed. Cl. 147, 165 (Fed. Cl. 2002) citing Pardee Constr. Co., B-256414, 94-1 CPD ¶ 372, at 4 (June 13, 1994) (unpublished) (GAO's "timeliness rules reflect the dual requirements of giving parties a fair opportunity to present their cases and resolving protests expeditiously without unduly disrupting or delaying the procurement process"); see also Consolidated Eng'g Servs., Inc. v. United States, 64 Fed. Cl. 617, 624 (Fed. Cl. 2005) (the court "may impose GAO timeliness rules in their entirety or as general guidelines if [it] deem[s] the facts on record warrant such treatment").

the Blind v. United States, 53 Fed. Cl. 147, 165 (Fed. Cl. 2002). There, as here, the procurement was set-aside for small businesses and this limitation was clear on the face of the solicitation. The protester submitted its proposal even though it knew it did not qualify as a small business. As such, it was unsure if its proposal would even be accepted and invested very little time in its proposal. The protester's proposal was subsequently found to be outside the competitive range based on lack of merit. The protester argued that its proposal was only poorly written as it was unsure whether it would qualify under the set-aside. Only after the contractor found out that it would not obtain the award did it bring its suit. In denying the protest, this Court held:

> where an offeror recognizes a significant deficiency or problem in a solicitation (*e.g.*, the erroneous application of a particular statute/regulation to the solicitation), the proper procedure for the offeror to follow is not to wait to see if it is the successful offeror before deciding whether to challenge the procurement, but rather to raise the objection in a timely fashion, *i.e.*, prior to the closing date for receipt of proposals or, at the latest, prior to contract award.

Id. at 165.

The Federal Circuit's decision in Blue & Gold Fleet, L.P v. United States, 492 F.3d 1308 (Fed. Cir. 2007), and this Court's decision in North Carolina Division of Services for the Blind v. United States, 53 Fed. Cl. 147 (Fed. Cl. 2002) are on all fours with the facts of this case. It was unequivocally apparent to IMS from the face of the Solicitation that the contract was being set-aside for small businesses, yet IMS never challenged that restriction until after award. Compl. ¶ 6. The Solicitation was issued almost 18 months ago. Compl. ¶ 5. IMS did not challenge the nature of the procurement as a small business set-aside by bringing an agency protest, a GAO protest, or even bringing suit before this Court – all of which were available options to IMS at the time. Instead, IMS lodged no complaint at all but instead self-certified as a small business and participated in the procurement every step of the way.

When award was made to another offeror, IMS filed a size protest against that offeror, TCS, asserting that TCS was other than small. Compl. ¶ 13. In bringing such a size protest against TCS, IMS acknowledged the requirement that offerors meet the size standard applicable to the procurement and challenged another offeror for failing to meet the applicable size standard.

Subsequently, on January 31, 2007, the Agency awarded a contract to IMS. Compl. ¶ 15. IMS certainly had no complaints about the nature of the procurement at that time. Indeed, even after SBA determined IMS to be other than small and ineligible for its award back on March 2, 2007, IMS never raised any complaints. Compl. ¶ 19. IMS also could have challenged SBA's decision finding IMS to be other than small, but IMS did not. See 13 C.F.R. § 121.1101(a) ("Appeals from formal size determinations may be made to OHA."). Although the Federal Circuit's Blue & Gold Fleet, L.P. v. United States, supra, decision would later preclude a challenge to the Solicitation after the initial award, IMS failed to even attempt the challenge.

During the more than six-month period after SBA deemed IMS to be other than small, and before Aegis was awarded the contract, IMS never complained to GAO or the Court about the fact that the outstanding Solicitation was a small business set-aside. Compl. ¶¶ 19, 23. Instead, IMS without reason or excuse waited until after award to Aegis, before questioning, for the first time, why this procurement was set-aside for small businesses.

Despite the fact that it was TCS's and IMS's miscertifications that resulted in the extensive delay in the procurement, IMS boldly comes before this Court requesting relief, claiming that the Agency has acted contrary to statute and regulation, and that the Agency made an error almost 18 months ago when it issued its Solicitation as a small business set-aside. Compl. ¶ 5. Such a request is too late. IMS has known since at least June 2006 that this

procurement was being set aside exclusively for small businesses, yet it never filed any protest against the Solicitation with the Agency, at GAO, or the Court until November 28, 2007, and now gives no reason or excuse for its delay in bringing its challenge to this Court.

To allow IMS to pursue this line of protest now would certainly contravene the Federal Circuit's decision in Blue & Gold Fleet, L.P v. United States, 492 F.3d 1308 (2007) and the mandate of 28 U.S.C. 1491(b)(3) that requires Courts to give due regard to the need for expeditious resolution of an action. IMS's dilatory tactics in seeking to overturn this procurement should not be condoned by the Court, particularly when IMS has presented no reason whatsoever why it has waited until after award, and nearly 18 months after the Solicitation was issued, to seek the relief now requested. Compl. ¶ 5. Accordingly, the Court should find that IMS has waived its right to challenge the Solicitation, and dismiss IMS's bid protest action.

## IV. THE COMPLAINT SHOULD BE DISMISSED AS DEFECTIVE

### A. IMS Asserts Legal Challenges And Facts That Are Inconsistent With Its Requested Relief

In its Motion to Dismiss, the Government recites longstanding case law establishing that "[a] motion to dismiss under the Rules of the Court of Federal Claims ("RCFC") 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy;" "that all unchallenged allegations in the complaint will be construed in favor of the pleader; and that a "court may not assume that a plaintiff can prove facts that it has not alleged, or that defendant has violated laws in ways that plaintiff has not alleged." Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998); Trauma Service Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997); Brunetti v. Rubin, 999

F.Supp. 1408, 1410 (D. Col. 1998) (citing Associated General Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Applying these standards of review to IMS's bid protest, the Court should dismiss IMS's complaint because IMS has not pled facts that would entitle IMS to the requested relief. IMS asserts three counts in its complaint. They include the following:

- That the Army Contracting Officer failed to raise or consider the question of Aegis's ostensible subcontractor, even though the Contracting Officer was fully aware of this issue;

- That the SBA failed to raise or consider Aegis's ostensible subcontractor (SAIC), an unquestionably large business (revenues of $8.3 billion in fiscal 2007), even though the SBA knew or should have known that this was a significant issue in this procurement; and

- That the Army awarded the contract to an offeror that was "other than a small business," and thereby undermined one of the basic tents of the small Business Act, the regulations promulgated thereunder, and FAR Part 19.

Compl. ¶¶ 33, 35, and 37.

All of the Counts in IMS's complaint claim that the Agency allegedly made an improper award to Aegis. Based on these Counts, the Court would logically expect that IMS would be asking that the Court to direct the Agency to cancel award and make a new award decision to the bidder next in line for award. Such relief would remedy the alleged errors that IMS asserts in its complaint, namely that award to Aegis was improper because Aegis is not a small business eligible to receive the contract award.

But contrary to what the Court might expect based on the Counts raised in IMS's complaint, IMS does not request cancellation of the award and the making of a new award decision. Instead, IMS asks the Court to direct the Agency to cancel its RFP and reissue the RFP on a full and open basis. Compl. ¶ 40. Such relief would logically apply if IMS had challenged the process used by the Agency in issuing the Solicitation. But none of IMS's Counts identifies

any violation of law or regulation by the Agency in issuing its Solicitation as a small business set-aside.

The FAR mandates that the Contracting Officer set aside any acquisition over $100,000 for small business participation when there is a reasonable expectation that offers will be obtained from at least two responsible small businesses and that award will be made at fair market prices. There is no allegation by IMS that the Agency acted contrary to this mandate. Nor does IMS identify a violation of 48 C.F.R. § 19.502-2(b) or any other pertinent statute or regulation, committed by the Agency in issuing the Solicitation as a small business set-aside. See, e.g., McKing Consulting Corporation v. United States, 78 Fed. Cl. 715 (Fed. Cl. 2007) (where the plaintiff brought a pre-award protest challenging the Agency's designation of its Solicitation as a small business set-aside based on failure to perform mandatory acquisition planning and market research that would have identified no qualified small business concerns able to perform the services required by the solicitation.).

To the contrary, the facts set forth by IMS in its complaint establish that the Agency had a reasonable basis to set aside this procurement for small businesses because the Agency could have anticipated receiving multiple offers from offerors who would self-certify as small businesses. Indeed, as the complaint establishes, the Agency actually received at least four offers, including one from TCS, IMS, Aegis, and Torres. Two of these offerors, Aegis and Torres, have never been deemed to be other than small businesses for this procurement. Compl. ¶ 30. That two of the other offerors, TCS and IMS, would miscertify their size certainly was not a fact that the Agency could have known at the time that it issued the Solicitation as a small business set-aside. In fact, pursuant to 13 C.F.R. § 121.405(b), the contracting officer is entitled to

rely on the offerors' own self-certifications that they are small.[9] Thus, to the extent that IMS's complaint contains any facts relevant to the remedy being sought by IMS, those facts establish that the Agency was justified in issuing its Solicitation as a small business set-aside.

B. IMS's Request For Relief Is Merely An Attempt To Circumvent The Issue of Standing

IMS's request for the Court to cancel the Solicitation is merely an attempt by IMS to sidestep the issue of standing. IMS has pled a set of facts and legal theories challenging the award decision to Aegis. Compl. ¶¶ 32 to 37. If IMS prevails, the only logical remedy is the cancellation of the award and a new award decision. But IMS can not receive such an award because IMS has been deemed to be an other than small business that is ineligible for award of this small business set-aside. Compl. ¶ 19. Thus, IMS is not entitled to the relief that would remedy the violations asserted by IMS in its complaint. Indeed, IMS's ineligibility to receive the award deprives IMS of standing to even assert the claims in the first place.

Recognizing its predicament, IMS instead requests cancellation of the Solicitation and its re-issuance on a full and open basis. Compl. ¶ 40. Since IMS would be eligible to compete under a full and open competition, IMS presumes that its lack of standing to challenge the award to Aegis is cured. But IMS is caught in a Catch 22 in that it has not pled and cannot plead any facts to support a finding that the Agency did not follow the rules in issuing the Solicitation as a small business set-aside. IMS has presented and cannot present any factual or legal basis upon which this Court could award the relief requested. Because IMS is seeking relief that this Court

---

[9] The only time that the Agency could have even requested a size determination with respect to TCS and IMS was after their selection as the apparent successful offeror. Any protest filed at the time that the Agency was considering whether to set aside this contract for small businesses would have been dismissed by SBA as premature. See 13 C.F.R. § 121.1004(e).

cannot fashion, by law, its complaint must be dismissed under RCFC 12(b)(6) for failure to state a claim.

Parties to an action before this Court are abundantly aware that they risk dismissal under RCFC 12(b)(6) if the plaintiff can "prove no set of facts" that would entitle plaintiff to legal relief. Client Network Services, Inc. v. United States., 64 Fed. Cl. 784 (Fed. Cl., 2005); Southfork Systems v. United States, 141 F.3d 1124, 1131 (Fed. Cir.1998). Yet no where in the complaint does IMS even attempt to set forth any facts demonstrating how the Agency's decision to set-aside the procurement for small businesses was flawed. IMS does not allege that the Agency failed to conduct sufficient market research and acquisition planning before issuing the Solicitation as a small business set-aside as required by the pertinent regulations. Nor does IMS allege that the set-aside decision was unsupported by the record or was otherwise contrary to statute or regulation.

In support of its position, IMS asserts as fact that all small business concerns are affiliated with their large subcontractors. Compl. ¶¶ 4, 40. But, this is nothing more than a legal conclusion couched as fact. In Bell Atlantic Co. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), where the Supreme Court recently restated the legal standard for a plaintiff to survive a 12(b)(6) motion, the Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Co., 127 S. Ct. at 1964-65 (emphasis added) (internal quotations and alterations omitted). The Supreme Court stressed that it was facts, and not legal conclusions dressed as facts, that are needed. See, Id. at 1965. Specifically, the Court reiterated the long-established rule that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (*quoting* Papasan v.

Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), *followed by*, Gant v. United States, 417 F.3d 1328, 1331 (Fed. Cir. 2005)).

In this case, IMS makes the bald legal conclusion that "[e]very offeror in the competitive range of this procurement is other than a small business, either by virtue of its average annual receipts, or through affiliation with a large business." Complaint ("Compl.") ¶ 4. Whether a business is "small" is a legal determination made by the SBA, which may consider the concern's annual receipts and affiliation with another concern under the ostensible subcontractor rule.

Even a generous reading of the complaint fails to reveal a factual basis for the Court to rule that the set-aside decision was improper. IMS's own legal conclusions do not constitute the necessary factual basis. As such, IMS merely disagrees with the Agency's decision to set-aside the procurement. But, IMS's disagreement with the Agency without more, cannot serve as the basis for invoking the Court's declaratory powers.

CI. The Court Should Dismiss IMS's Complaint Because The Court Has No Authority To Make The Requisite Findings Required To Award The Requested Relief

IMS's complaint asks the Court to direct the Agency to cancel the procurement and resolicit on a full and open basis. IMS seeks such relief by speculating that no qualified small business is allegedly capable of providing the requested linguist services. Compl. ¶ 40. IMS relies upon SBA's rules of affiliation, which provide that a small business offeror that is unduly reliant on large businesses to perform contract work, is affiliated with the large business, and is itself an other than small business for the procurement. Compl. ¶ 4. For the reasons set forth below, the Court lacks jurisdiction to grant the requested relief.

Both Aegis and Torres submitted offers as small businesses for this procurement. In its complaint, IMS acknowledges that SBA has deemed Aegis, the awardee, to be a small business.

Compl. ¶ 30. Further, IMS acknowledges that SBA has not found Torres, the remaining bidder in the competitive range, to be other than a small business. Compl. ¶ 29. While IMS asserts that both contractors have ostensible subcontractors, IMS concedes that SBA has not made such a determination. Compl. ¶ 29, 30. In fact, when IMS brought that issue before SBA, SBA dismissed the issue and IMS never appealed that dismissal. Compl. ¶ 29. Therefore, there is no existing SBA size determination that justifies IMS's requested relief.

To overcome its own failure to pursue its dismissed size protest allegations against Aegis before SBA, IMS essentially asks this Court to determine whether Aegis and Torres are affiliated with their large business subcontractors. But, authority to make such size determinations rests exclusively with SBA, not the Court.

The Small Business Act, 15 U.S.C. § 637(b)(1988), provides that:

> It shall also be the duty of the [Small Business] Administration and it is hereby empowered, whenever it determines such action is necessary – (6) to determine within any industry the concerns, firms, persons, corporations, partnerships, cooperatives, or other business enterprises which are to be designated "small business concerns" for the purpose of effecting the provisions of this Act. To carry out this purpose the Administrator, when requested to do so, shall issue in response to each such request an appropriate certificate certifying an individual concern as a "small business concern" in accordance with the criteria expressed in this Act. Any such certificate shall be subject to revocation when the concern covered herby ceases to be a "small-business concern". Offices of the Government having procurement or lending powers, or engaging in the disposal of Federal property or allocating materials or supplies, or promulgating regulations affecting the distribution of materials or supplies, shall accept as conclusive the Administration's determination as to which enterprises are to be designated "small-business concern," as authorized and directed under this paragraph.

Although this Court is without authority to make a small business size determination in the first instance, this Court possesses jurisdiction to review an SBA size determination, provided the protester has exhausted its administrative remedies. See Stellacom, Inc. v. United States, 24 Cl.Ct. 213, 216 (1991) (the protester must exhaust its administrative remedies prior to

asking the Court to review SBA's decision). See also, 13 C.F.R. § 121.1101(a)("The OHA appeal is an administrative remedy that must be exhausted before judicial review of a formal size determination may be sought in a court."). IMS cannot meet this requirement as it failed to appeal SBA's dismissal of IMS's size protest against Aegis to OHA. Consequently, the Court is without authority to grant the relief requested by IMS.

## CONCLUSION

For the reasons set forth above, as well as those contained in the Government's Motion to Dismiss, Intervenor respectfully requests that the Court dismiss IMS's complaint for lack of jurisdiction, as IMS is not an interested party, and lacks standing to bring this bid protest action; for failure to state a claim by seeking Court review of nonjusticiable issues; and for submitting an untimely challenge to the Solicitation post-award. Additionally, the Court should dismiss IMS's complaint for failure to state a claim upon which relief can be granted as its requested relief is not supported by the facts and legal theories raised in the complaint. Furthermore, the Court lacks authority to make the size determinations necessary to support the requested relief.

Respectfully submitted,

s/Laurel Hockey

Laurel Hockey
COHEN MOHR LLP
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147
Attorney of Record for Aegis, Mission Essential Personnel, LLC

Of Counsel:
John O'Brien
COHEN MOHR LLP
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550

Dated: December 12, 2007

Notice of Filing

I hereby certify that on December 12, 2007, a copy of INTERVENOR AEGIS, MISSION ESSENTIAL PERSONNEL, LLC'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND NON-JUSTICIABILITY was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Laurel A. Hockey