IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-831 C
(Judge Sweeney)

INTERNATIONAL MANAGEMENT SERVICES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

AEGIS, MISSION ESSENTIAL PERSONNEL LLC,

Defendant-Intervenor.

# DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND NON-JUSTICIABILITY

JEFFERY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-1011

December 17, 2007

Attorneys for the Defendant

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S REPLY BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. IMS Lacks Standing To Protest "The Integrity And Fairness Of The Procurement Process" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. IMS' New Factual Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. IMS Has Not Demonstrated That It Possesses Standing To Assert Any Of Its Claims . . 6

A. IMS' Challenge Of A Potential Award To Torres Is Non-Justiciable . . . . . . . . . . 6

B. IMS Lacks Standing To Challenge The Award To Aegis, The SBA's Evaluation Of Aegis, And The Army's Evaluation Of Aegis . . . . . . . . . . . . . . . . . . . . . . . . . 7

C. IMS Has Not Demonstrated That It Possesses Standing . . . . . . . . . . . . . . . . . . . . 7

D. IMS Has Not Demonstrated That Its Challenge To Aegis' Award Is Justiciable 10

E. IMS May Not Protest The Small Business Set Aside . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

I. CASES Page


Alfa Laval Separation, Inc. v. United States,
175 F.3d 1365 (Fed. Cir. 1999) . . . . . 7

Am. Fed'n of Gov't Employees v. United States,
258 F.3d 1294 (Fed. Cir. 2001) . . . . . 3, 9

Anderson v. United States,
344 F.3d 1343 (Fed. Cir. 2003) . . . . . 6

Benchmade Knife Co., Inc. v. U.S.,
___ Fed. Cl. ___ (2007) 2007 WL. 4335442 (Dec. 10, 2007) . . . . . 11

Blue & Gold Fleet, L.P.,
492 F.3d 1308 (Fed. Cir. 2007) . . . . . 11

Chapman Law Firm v. US,
63 Fed. Cl. 25 (2004) . . . . . 10

Flast v. Cohen,
392 U.S. 83 (1968) . . . . . 6

Impresa Construzioni Geom. Domenico Garufi v. United States,
238 F.3d 1324 (Fed. Cir. 2001) . . . . . passim

Kentron Hawaii, Ltd. v. Warner,
480 F.2d 1166 (D.C. Cir. 1973) . . . . . 12

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) . . . . . 3, 4

Myers Investigative and Security Services, Inc. v. United States,
275 F.3d 1366 (2002) . . . . . 3, 7

Northrop Grumman Corp. v. United States,
50 Fed. Cl. 443 (2001) . . . . . 9

Phoenix Air Group, Inc. v. United States,
46 Fed. Cl. 90 (2000) . . . . . 9, 10

Rex Service Corp. v. United States,
448 F.3d 1305 (Fed. Cir. 2006) . . . . . . . . . . 3

U.S. v. Amdahl,
786 F.2d 387 (1986) . . . . . . . . . . 10

II. STATUTES AND REGULATIONS

15 U.S.C. § 644 . . . . . . . . . . 11

28 U.S.C. § 1491(b) . . . . . . . . . . 3, 4

31 U.S.C. § 3551 . . . . . . . . . . 3

13 C.F.R. § 121.1001(a)(1)(iv) . . . . . . . . . . 8

13 C.F.R. § 121.1009 . . . . . . . . . . 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL MANAGEMENT SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-831C (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| AEGIS, MISSION ESSENTIAL PERSONNEL LLC, | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS FOR LACK OF STANDING AND NON-JUSTICIABILITY

Defendant, the United States, respectfully submits this reply in support of our motion to dismiss for lack of standing and non-justiciability, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). ("Def. Mot."). In our motion to dismiss, we demonstrated that International Management Services, Inc. ("IMS") lacks standing to bring this challenge to the procurement decision of the United States Army ("Army"). Additionally, we demonstrated that IMS' complaint fails to state a claim, as it seeks review of non-justiciable determinations. Moreover, we demonstrated that IMS cannot challenge the terms of the solicitation post-award, because IMS waived its challenge to the terms of the solicitation by self-certifying as a small business and submitting a bid.

In opposition to our motion, IMS devotes 17 pages of its brief to the issue of whether Aegis and Torres are using ostensible subcontractors, despite the fact that this issue was not

raised in, and is irrelevant to, our motion to dismiss. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl. Opp. at 3 - 19). IMS alleged the ostensible subcontractor issue in its complaint, and we assumed the facts stated in the complaint to be true for the purpose of our motion to dismiss. Compl. ¶ 4; Def. Mot. at 5. By way of comparison, IMS devotes just seven pages to its half-hearted opposition to our motion to dismiss. IMS asserts that we have misinterpreted its complaint. According to IMS, its action "is not a challenge to the solicitation; rather, it is a request for this Court to ensure the integrity and fairness of the procurement process." Pl. Opp. at 2. Unfortunately for IMS, its "prayer that the Court maintain the integrity of the government procurement process" (Pl. Opp. at 1) does not remedy its lack of standing to challenge the Army's award to Aegis Mission Essential Personnel, LLC ("Aegis").

## I. IMS Lacks Standing To Protest "The Integrity And Fairness Of The Procurement Process"

In its opposition to our motion to dismiss, IMS alleges that we have mis-characterized its complaint, and that its action "is not a protest of a size determination or a solicitation; rather it is a prayer that the Court maintain the integrity of the government procurement process," and that its action "is not a challenge to the solicitation; rather, it is a request for this Court to ensure the integrity and fairness of the procurement process." Pl. Opp. at 1, 2. These admissions, rather than aiding IMS' protest, demonstrate that IMS is without standing to bring a challenge to the procurement. IMS does not demonstrate that it is an interested party withing the meaning of the Competition in Contacting Act ("CICA"), rather IMS asserts a right to protest the award to Aegis simply based upon its status as a potential Government contractor.

As we noted in our moving brief, standing is a threshold jurisdictional issue. Myers Investigative and Security Services, Inc. v. United States, 275 F.3d 1366, 1369 (2002). "The

party invoking federal jurisdiction bears the burden of establishing the elements [of standing]." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). As a general matter, there are three elements that are required to demonstrate standing: injury in fact, a causal connection between the injury and the conduct complained of, and probability that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61. However, the United States Court of Appeals for the Federal Circuit has determined that, in amending the Tucker Act, Congress "did not adopt the APA's liberal standing standards." Myers, 275 F.3d at 1370. Rather, the Federal Circuit adopted the CICA definition of interested party, which applies to bid protests filed with the Government Accountability Office ("GAO"). Am. Fed'n of Gov't Employees v. United States, 258 F.3d 1294, 1302 (Fed. Cir. 2001) (citing 31 U.S.C. § 3551). The court of appeals held that in bid protests pursuant to Tucker Act, "we . . . construe the term 'interested party' in section 1491(b)(1) in accordance with the [standing requirements of the] CICA and hold that standing under § 1491(b)(1) is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract." Id.; Accord Rex Service Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006).

IMS lacks standing to protest the integrity of the Government procurement process, pursuant the CICA standard applicable in this case, and most likely would lack standing pursuant to the more liberal APA standard rejected by the Federal Circuit. IMS' "prayer that the Court maintain the integrity of the government procurement process" is a "generally available grievance about government-claiming only harm to [its] and every citizen's interest in proper application of the Constitution and laws" and does not state an Article III case or controversy. Lujan, 504 U.S. at 573-74. As the Supreme Court noted in Lujan a plaintiff must show both that

a statute is invalid and direct injury to invoke the power of judicial review. Id. at 574. Without direct injury, the court would not be deciding a case or controversy, but would be assuming "a position of authority over the governmental acts of another and co-equal department." Id. Rather, defending the public interest in ensuring the Government's observance of the Constitution and laws is the responsibility of Congress and the Chief Executive. Id. at 576. As IMS admits that it is other than small (Compl. ¶ 19), it cannot be awarded the Army contract in question, and lacks standing as it does not possess a direct economic interest in the award of the contract.

IMS' "prayer that the Court maintain the integrity of the government procurement process" is beyond this Court's jurisdiction in bid protest actions. 28 U.S.C. § 1491(b). This Court may enjoin a bid award if either "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed. Cir. 2001). IMS' "prayer that the Court maintain the integrity of the government procurement process" does not allege that the procurement procedure lacked a rational basis, nor that there was a violation of regulation or procedure, and thus, is beyond this Court's bid protest jurisdiction.

II. IMS' New Factual Allegations

IMS' brief in opposition has not refuted our arguments and does not demonstrate that IMS possesses standing to assert any of its claims. IMS' brief in opposition devotes 17 pages to its argument that Aegis and Torres are using ostensible subcontractors (Pl. Opp. at 3 - 19.) – an issue which we already assumed to be true for the purpose of our motion. Compl. ¶ 4; Def. Mot.

at 5. This Court's order dated December 3, 2007, indicated that the Government was to file a motion to dismiss for lack of standing and justiciablity. IMS' 17 page argument with regard to Aegis and Torres' ostensible subcontractors bears no relation to the Government's motion, or to the topics specified in the Court's December 3, 2007 order. As we noted in the standard of review in our moving brief, we assume that statements contained in plaintiff's complaint are true, for the purpose of our motion to dismiss. Should our motion be denied, we reserve the right to dispute any and all facts contained in IMS' complaint, and IMS' brief. While assuming that the facts in IMS' complaint are true, we note that IMS has made selective citation to the administrative record. The only logical explanation for IMS devoting the vast majority of its brief to this non-issue, would be an attempt to confuse the Court, and to distract the Court from the primary issue of standing. Additionally, IMS hints that there is some sort of nefarious conspiracy between Aegis, Torres, and possibly the Army, seeking to "shield this improper award from further GAO, SBA or Court review." Pl. Opp. at 19. IMS suggests that the Court should "examine" this conspiracy despite the fact that IMS fails to identify any jurisdictional basis whatsoever for this Court's involvement, and despite the fact that the suggestion of improper conduct is unsupported by document or affidavit. In fact, the suggestion is not even supported by the allegations of counsel. Pl. Opp. at 19 ("Although IMS makes no allegations . . . .). Thus, there is absolutely no reason for the Court to "examine" the suggestion of improper actions. Moreover, like the rest of IMS' claims, this Court is without jurisdiction to entertain IMS' conspiracy theory.

## III. IMS Has Not Demonstrated That It Possesses Standing To Assert Any Of Its Claims

In the seven short pages IMS has devoted to opposing our motion to dismiss, IMS does not demonstrate that it possesses standing to assert any of its claims, and does not demonstrate any error in the Government's analysis. In addition to its "prayer that the Court maintain the integrity of the government procurement process," IMS challenges any award to Aegis or Torres, alleging that neither is a small business. IMS also challenges the SBA and the Army's alleged failures to challenge and review Aegis' small business status. Pl. Opp. at 20.

### A. IMS' Challenge Of A Potential Award To Torres Is Non-Justiciable

"IMS challenges any award to either Aegis or Torres because neither is a small business when evaluated in conjunction with their ostensible subcontractors." Pl. Opp. at 20. IMS' attempt to challenge a potential award to Torres is clearly non-justiciable. There is no case or controversy present in IMS' challenge to an award that has not even occurred. Pursuant to Article III of the Constitution, the courts are limited to deciding cases or controversies and should not adjudicate political questions, questions that are now moot, claims where there is no standing, or where the parties seek an advisory opinion. See e.g. Flast v. Cohen, 392 U.S. 83, 94-95 (1968). Although an Article I court, the Court of Federal Claims applies the Article III case or controversy doctrine. Anderson v. United States, 344 F.3d 1343, 1349-50 (Fed. Cir. 2003). IMS' challenge to a hypothetical award of the contract to Torres is non-justiciable as it seeks an advisory opinion.

B. IMS Lacks Standing To Challenge The Award To Aegis, The SBA's Evaluation Of Aegis, And The Army's Evaluation Of Aegis

As we demonstrated in our moving brief, IMS lacks standing to bring these challenges. To possess standing, IMS must establish that it had a "substantial chance" of securing the award absent a prejudicial defect in the process. Myers, 275 F.3d at 1369-70. "Substantial chance" means that the protestor was in the "zone of active consideration." Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999). Thus, protestors who did not submit proposals, withdrew from the procurement, or finished lower than second after evaluation do not have standing to protest the procurement. Impresa Construzioni, 238 F.3d at 1334.

Here, IMS has no chance of being awarded the contract for Army Linguist Translation and Interpretation Support because the contract is 100 percent set aside for small business, while IMS is other than small. Compl. ¶¶ 6, 19. FAR 19.502-2(b) requires that the contract be set aside for small business, and Aegis has been certified by the SBA to be small. Compl. ¶ 30. Moreover, Torres was not excluded as other than small and remains the next in line for award, even if the Court were to overrule the SBA's determination that Aegis is a small business. Compl. ¶¶ 10, 26-28. Therefore, IMS cannot be awarded the contract, is not an "interested party" as defined by CICA, and lacks standing to protest the award to Aegis.

C. IMS Has Not Demonstrated That It Possesses Standing

IMS cites three cases for the proposition that it possesses standing because there is a "substantial chance" that it would receive an award. Pl. Opp. at 20. IMS alleges that it is in the same situation as the protester in each of these cases (Pl. Opp. at 22, 23); however, none of the cases support IMS' argument. IMS alleges that we selectively quoted from the opinion in Impresa Construzioni, and omitted the key language wherein the Federal Circuit found that the

protester, Garufi, possessed standing. As noted by IMS, the contracting officer eliminated Garufi from the competitive range; however, IMS failed to note that the "contracting officer also eliminated the other remaining bidder, leaving [the awardee] as the sole remaining bidder in the competitive range." Impresa Construzioni, 238 F.3d at 1329. The Federal Circuit's holding that Garufi possessed standing to protest the award was explicitly premised upon the fact that the awardee was the sole remaining bidder. "In this case . . . the government would be obligated to rebid the contract, and appellant could compete for the contract once again. Under these circumstances, the appellant has a 'substantial chance' of receiving the award and an economic interest and has standing to challenge the award." Id. at 1334 (emphasis added). Here, Aegis was not the sole remaining offeror, and if the award to Aegis were cancelled by this bid protest, the Army would not be obligated to rebid the contract. The Army could instead award to Torres. While IMS seeks to challenge a hypothetical award to Torres in this protest, as we noted above, IMS' challenge to a hypothetical award to Torres does not present a case or controversy and is not justiciable.

The Federal Circuit's holding in Impresa Construzioni is entirely consistent with the standing requirement applied by SBA. The SBA regulations provide that:

> Other interested parties include large businesses where only one concern submitted an offer for the specific procurement in question. A concern found to be other than small in connection with the procurement is not an interested party unless there is only one remaining offeror after the concern is found to be other than small.

13 C.F.R. § 121.1001(a)(1)(iv). The SBA dismissed IMS' protests of Aegis and Torres for lack of standing as IMS was other than small, and because there was more than one remaining

offeror. Pursuant to Impresa Construzioni, this Court must find that IMS lacks standing to protest the award to Aegis, as IMS was not next in line for award.

IMS' citation to Northrop Grumman Corp. v. United States, 50 Fed. Cl. 443 (2001), is also misplaced. Northrop Grumman involved a bid protest alleging a cardinal change to the contract. Id. at 456. When a protest alleges a cardinal change, the bidder is arguing that new contract work has been awarded without competition, because the new work is completely outside the scope of the original competition. "The protest does not assail the propriety of the award of the original contract that was cardinally changed, but instead demands initial competition of the work." Id. Because the protest involves new work, standing is determined based upon whether the protester could compete for the new work, "unhindered by the restrictions applicable when a bidder protests a solicitation that has already taken place." Id. As IMS does not allege a cardinal change in the contract, Northrop Grumman is entirely inapplicable, and does not demonstrate that IMS possesses standing.

IMS' citation to Phoenix Air Group, Inc. v. United States, 46 Fed. Cl. 90, 101 (2000), as also misplaced as that case involved a challenge to a sole-source procurement. Like the protest in Northrop Grumman, this protest alleged that work, which was not competed, should have been subject to competition. The court in Phoenix Air found that the protester possessed standing as a prospective bidder, because Phoenix Air had submitted a proposal in response to a subsequently cancelled solicitation. Id. at 102. Here, there are no allegations of sole source contracts that should have been opened to competition, and the case does not establish that IMS possesses standing. Moreover, Phoenix Air predates the Federal Circuit's guidance in Am. Fed'n of Gov't

Employees, 258 F.3d at 1302, so the court's discussion of the meaning of the term "interested party" pursuant to the Tucker Act is no longer good law. Phoenix Air, 46 Fed. Cl. at 102.

D. IMS Has Not Demonstrated That Its Challenge To Aegis' Award Is Justiciable

Relying upon U.S. v. Amdahl, 786 F.2d 387 (1986), IMS alleges that its claim is justiciable, as the Court is permitted to order the Army to terminate the Aegis contract. It is unclear what relevance an appeal from the General Services Board of Contract Appeals, pursuant to the Brooks Act, has with regard to this case. In our moving brief, we demonstrated that when a protester did not file an appeal of its size determination before contract award, and the SBA Office of Hearing Appeals ("OHA") did not issue a decision before the award of the contract, the award is unchallengeable upon SBA size determination grounds pursuant to FAR 19.302(g)(2), and that the court could not provide relief to the protester. Chapman Law Firm v. US, 63 Fed. Cl. 25, 35 (2004). Accordingly, the Chapman court held that the petitioner's challenge was non-justiciable. Id. IMS does not respond to this argument. Instead, IMS asserts that it is not bringing a size protest. Pl. Opp. 24. However, IMS also alleges that it challenges "any award to either Aegis or Torres because neither is a small business . . . ." Pl. Opp. at 20. IMS cannot have it both ways. If IMS seeks to challenge the award to Aegis, because Aegis is allegedly other than small, IMS was required to protest to the SBA. As OHA did not issue a decision prior to award of the contract to Aegis, IMS' challenge to the award to Aegis upon size grounds is non-justiciable. To the extent IMS is not raising a size challenge, but simply "an allegation of unlawful conduct" (Pl. Opp. at 25) IMS lacks standing as it cannot demonstrate a direct economic interest.

E. IMS May Not Protest The Small Business Set Aside

Finally, in our moving brief, we demonstrated that if a party fails to object to a patent error in a solicitation prior to the solicitation closing time, it waives its ability to raise the objection subsequent to the solicitation closing date. Blue & Gold Fleet, L.P., 492 F. 3d 1308, 1313 (Fed. Cir. 2007). Accordingly, IMS cannot challenge the terms of the solicitation, specifically the small business set aside, after award of the contract. Moreover, in an opinion made public after we filed our moving brief, this court held that a challenge to a small business set aside must be raised pre-award, or the issue is waived. Benchmade Knife Co., Inc. v. U.S. ___ Fed. Cl. ___, 2007 WL 4335442 (Dec. 10, 2007) ("Benchmade waived its right to protest the terms of the solicitation by failing to raise its small business set-aside argument prior to the closing date for submission of proposals.").

IMS alleges that it is not challenging the Army's decision to set aside the contract for small business. Pl. Opp. at 25. Nonetheless, IMS asserts that the Army has awarded a contract set aside for small business to an other than small awardee, and asserts that the Court must correct this situation. Pl. Opp. at 25. Once again, IMS lacks standing to bring a general challenge to the award, as it cannot demonstrate a direct economic interest. To the extent that IMS seeks to have the contract resolicited pursuant to full and open competition, IMS was required to raise that argument prior to award. Blue & Gold, 492 F. 3d at 1313; Benchmade, 2007 WL 4335442. To the extent that IMS is alleging violations of FAR 19.501, 13 C.F.R. § 121.1009, and 15 U.S.C. § 644 (Compl. ¶ 37), IMS would still be required to demonstrate "a clear and prejudicial violation of applicable statutes or regulations." Id. at 1333 (quoting Kentron Hawaii, Ltd. v. Warner, 480 F.2d 1166, 1169 (D.C. Cir. 1973). However, as

demonstrated above, IMS cannot establish a direct economic interest in the award of the contract.

## CONCLUSION

IMS' complaint should be dismissed for lack of standing as IMS has failed to demonstrate that it is an interested party as defined by CICA, with regard to any of its claims. Moreover, IMS fails to state a claim upon which relief may be granted, and seeks to present non-justiciable issues to this Court for its review. Accordingly, defendant respectfully requests that IMS' complaint be dismissed.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

DAVID D'ALESSANDRIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 307-0139

December 17, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 17, 2007 a copy of foregoing “DEFENDANT’S REPLY IN SUPPORT OF DEFENDANT’S MOTION TO DISMISS FOR LACK OF STANDING AND NON-JUSTICIABILITY” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David D'Alessandris